# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYON CHARLES OUSLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79140

FILED

JUL 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____

## ORDER VACATING JUDGMENT OF CONVICTION AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

The State charged appellant Bryon Charles Ousley with robbery with use of a deadly weapon under NRS 200.380 and NRS 193.165. Ousley had two trials. The first resulted in a mistrial due to a hung jury. During his second trial, Ousley made a fair-cross-section challenge to the composition of the venire and objected to several of the district court's evidentiary rulings. Ousley moved for a new trial twice and later for acquittal. The district court denied Ousley's motions and challenges and overruled his evidentiary objections. After a four-day trial, the jury found Ousley guilty of robbery, a category B felony, but not guilty of committing it with use of a deadly weapon. He was sentenced to serve a prison term of 60 to 180 months. Ousley now appeals.

On appeal, Ousley argues, among other things, that the district court abused its discretion by denying his fair-cross-section challenge to the venire without conducting an evidentiary hearing. Defendants are entitled to a jury that is a fair cross section of the community. *Valentine v. State*, 135 Nev. 463, 464, 454 P.3d 709, 713 (2019). To make a fair-cross-section

21-21278

challenge, a defendant must make a prima facie showing that there was "underrepresentation [of a distinctive group in the community] due to systematic exclusion of th[at] group in the jury-selection process," among other requirements.[1] *Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005) (emphases and internal quotation marks omitted). "[A]n evidentiary hearing is warranted on a fair-cross-section challenge when a defendant makes specific allegations that, if true, would be sufficient to establish a prima facie violation of the fair-cross-section requirement." *Valentine*, 135 Nev. at 466, 454 P.3d at 714. "We review the district court's denial of [a defendant's] request for an evidentiary hearing for an abuse of discretion." *Id.* at 464, 454 P.3d at 713.

Ousley contends that he has made the necessary showing under *Valentine* because, if it is true that the jury commissioner did not use all four sources now required for the juror master list under NRS 6.045,[2] then it is plausible that the jury selection process systematically excluded

---

[1]Under *Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005), a defendant must also make a prima facie showing "that the group alleged to be excluded is a distinctive group in the community[, and] that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community." (Emphases and internal quotation marks omitted.)

[2]In 2017, the Legislature enacted Assembly Bill (A.B.) 207, which amended NRS 6.045 to require the jury commissioner to compile and maintain a list of qualified jurors from information provided by voter registration records and the Employment Security Division of the Department of Employment, Training and Rehabilitation, in addition to the information already provided by the Department of Motor Vehicles and certain public utilities. *See* 2017 Nev. Stat., ch. 549, § 1, at 3880-81.

minorities such as Hispanics and African Americans.[3] Instead of having the jury commissioner testify regarding this allegation at an evidentiary hearing, the district court relied on previous jury commissioner testimony that did not address Ousley's specific allegations to reject his fair-cross-section argument. As such, we conclude that the district court abused its discretion because, as in *Valentine*, if Ousley's allegations are true, they "would be sufficient to establish a prima facie violation of the fair-cross-section requirement."[4] 135 Nev. at 466-67, 454 P.3d at 714-15. We therefore vacate the judgment of conviction and remand for an evidentiary hearing. Thereafter, if the district court finds no systematic exclusion, it may reinstate the judgment of conviction.[5] *See id.* at 467, 454 P.3d at 715 (providing that the district court may reinstate the judgment of conviction if it finds no systematic exclusion on remand, except as to convictions that were not supported by sufficient evidence).

---

[3]Proponents of A.B. 207 explained that the bill was designed to make the master jury pool list more inclusive of minority groups, including the poor, African Americans, and Hispanics by requiring the jury commissioner to use more sources to compile and maintain the jury master list. Hearing on A.B. 207 Before the Assembly Judiciary Comm., 79th Leg. (Nev., Mar. 3, 2017) (statement of Robert T. Eglet, representing Nevada Justice Association, and statement of Lisa Rasmussen, Legislative Committee Co-Chair, Nevada Attorneys for Criminal Justice).

[4]The State does not argue that the district court erred when it found that Ousley met the first two requirements under *Williams* to assert a fair-cross-section challenge. *See Williams*, 121 Nev. at 940, 125 P.3d at 631 (setting forth the requirements that a defendant must demonstrate to make a prima facie showing for a fair-cross-section challenge).

[5]We decline to address Ousley's remaining assertions of error at this time, but he may re-raise his arguments in this appeal by filing a timely new appeal if the district court ultimately reinstates his conviction. Ousley may also raise any errors that arise as a result of the remand.

Accordingly, we

ORDER the judgment of conviction VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michael Villani, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A